IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CV-465-F

| | |
|---|---|
| JASON CARL THOMAS, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| UNITED STATES OF AMERICA, ) | |
| et al., ) | |
| Respondents. ) | |
| ) | |

On August 15, 2014, Jason Carl Thomas, proceeding *pro se*, filed a Petition to Confirm Arbitration Award [DE-1], along with an Ex Parte Motion to Appoint Marshal to Serve the Petition [DE-4] and an Emergency Ex Parte Motion for a Temporary Restraining Order and Preliminary Injunction [DE-5]. Petitioner has requested leave to proceed without prepayment of the full civil filing fee [DE-2], which was allowed by United States Magistrate Judge Robert B. Jones, Jr., on August 19, 2014 [DE-6]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)

(quotation omitted).

The court finds that this action must be dismissed as frivolous. As Petitioner references in his various filings, this action concerns his desire to "suspend[] and restrain[] the operation, enforcement, and execution of the [void] judgment in a criminal case and the sentence imposed thereunder by the United States District Court for the Eastern District of North Carolina, under case index title <u>UNITED STATES OF AMERICA v. JASON CARL THOMAS</u>, and registry no. 5:03-CR-19-BO-1 . . . ." Emergency Ex Parte Motion for a Temporary Restraining Order and Prelim. Inj. [DE-5] at 1 (third alteration in original). The record shows that in referenced criminal case, Case No. 5:03-CR-19-BO-1, Petitioner pleaded guilty pursuant to a plea agreement on April 16, 2003 to one count of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g) and one count of using, carrying, or possessing a firearm during and in relation to a drug trafficking crime, pursuant to 18 U.S.C. § 924(c). Thereafter, Petitioner absconded. He eventually was apprehended, and on September 15, 2006, Petitioner was sentenced to 92 months imprisonment on the felon in possession count, along with 60 months to be served consecutively on the possession of a firearm during and in relation to a drug trafficking offense count, for a total of 152 months. He later filed a motion to vacate under 28 U.S.C. § 2255, which was dismissed by the Honorable Terrence W. Boyle, United States District Judge. The Fourth Circuit Court of Appeals affirmed this dismissal.

Following Petitioner's unsuccessful § 2255 claim, in 2012 he prepared and sent an "offer" to the Respondents to enter into a "legally binding commercial contract . . . that operated as, among other things, a petition to the government for redress of grievances to the commercial criminal court proceedings" before Judge Boyle. Aff. of Jason Carl Thomas [DE-5] ¶ 5. When the Respondents, unsurprisingly, did not respond to this "offer," Petition deemed them to have "accepted the full terms

of the offer" and to have "stipulated and agreed that the related federal court case and its judgment . . . were void ab initio . . . ." *Id.* at ¶ 6. He asserts that when the Respondents failed to act on this "contract" and their "admissions" it constituted a breach of the "contract," and that pursuant to the contract he elected to pursue arbitration. *Id.* at ¶¶ 7-11. A "neutral arbitrator" granted Petitioner's request for summary disposition, and issued an award providing, *inter alia*, that (1) Petitioner "be released immediately from custody /incarceration," (2) Petitioner's conviction be dismissed, (3) Petitioner be awarded the sum of $4,844,347,822.05, in actual damages, to include an additional $1,565,217.39 per day of continued unlawful incarceration after receipt of this award;" and (4) the arbitrator be awarded $500 for "conducting the arbitration." Arbitration Award [DE-1-1].

The Petition to Confirm Arbitration Award can only be construed as an attempt to secure Petitioner's release from incarceration under principles of civil commercial law or contract law, and is frivolous and without merit. *See Harris v. Kammerzell*, 440 F. App'x 627, 629 (10th Cir. 2011) ("It is patent that Mr. Harris's complaint averments—through which he attempts to effect his release from prison under principles of contract and/or civil commercial law—are legally frivolous."); *Harris v. Holder*, Civil Action No. 1:14-11734, 2014 WL 4997713, at *2 (S.D. W.Va. Oct. 7, 2014) ("Plaintiff pled guilty and was convicted of violations of criminal law. Neither these violations nor the associated fine have anything to do with commercial . . . law.").

Accordingly, this action is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and all pending motions are DENIED as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 3ᴀ day of March, 2015.

3

Case 5:14-cv-00465-F Document 14 Filed 03/04/15 Page 3 of 4

*/s/* James C. Fox
James C. Fox
Senior United States District Judge